IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARYL WHITAKER, *

    Plaintiff, *

vs. * CIV. ACTION NO. RDB-18-0044

CIENA CORPORARTION, *

    Defendant. *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On March 25, 2019, this Court entered its Memorandum Opinion (ECF No. 29) and Order (ECF No. 30), granting Defendant Ciena Corporation's ("Defendant" or "Ciena") Motion to Dismiss Amended Complaint, or Alternatively, Motion for Summary Judgment, and dismissing as time-barred all claims asserted by Plaintiff Daryl Whitaker ("Plaintiff" or "Whitaker"). Now pending are Whitaker's Rule 59 Motion to Alter or Amend Judgment (ECF No. 31) and Whitaker's Rule 60 Motion for Relief from Judgment (ECF No. 32). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Whitaker's Rule 59 Motion to Alter or Amend Judgment (ECF No. 31) and Whitaker's Rule 60 Motion for Relief from Judgment (ECF No. 32) are DENIED.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum Opinion of July 27, 2018 and this Court's Memorandum Opinion of March 25, 2019. (ECF Nos. 21, 29). To summarize, Plaintiff brought this action against his former employer, Ciena,

alleging race discrimination in violation of 42 U.S.C. § 1981. (Am. Compl., ECF No. 23.) In its prior ruling granting Plaintiff leave to amend his Complaint, this Court allowed amendment as to Plaintiff's allegations relating to his termination and severance agreement, reasoning that "the limited briefing on the Amended Complaint does not show that Plaintiff's claims are clearly untimely or that judgment should be entered as a matter of law in favor of Ciena." (ECF No. 21 at 14.) The Court also held that the proposed Amended Complaint would be futile as to Plaintiff's claims of failure to promote, transfer, and elimination of position because they were clearly untimely. (*Id.*) Those claims related to events in 2012 and Plaintiff did not file his initial Complaint until January 4, 2018. (*See* Compl., ECF No. 1.)

On March 25, 2019, after reviewing more extensive briefing on the discrete legal issue of whether Plaintiff's allegations related to his termination and severance were timely, this Court dismissed Plaintiff's remaining claims as time-barred. (ECF No. 29.) On April 22, 2019, Plaintiff filed the present Rule 59 Motion to Alter or Amend Judgment (ECF No. 31) and the present Rule 60 Motion for Relief from Judgment (ECF No. 32), asking this Court to reconsider its March 25, 2019 Memorandum and Order (ECF Nos. 29, 30).[1] While the motions were filed separately under Rule 59 and Rule 60 respectively, the two motions are identical and assert the same arguments.

## STANDARD OF REVIEW

Whitaker moves for reconsideration under both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) authorizes a district court to alter, amend, or vacate a

---

[1] Whitaker also filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit on April 25, 2019. (ECF No. 33.)

prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Whitaker filed his motions within 28 days of this Court's Order granting the Defendant's Motion to Dismiss. Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) ("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).")

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment[2] may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to

---

[2] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

Plaintiff has not met the high bar he faces to succeed on his Motion to Alter or Amend. There has been no intervening change in controlling law since this Court's Memorandum Opinion and Order of March 25, 2019; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Order. Plaintiff's only argument for alteration or amendment under Rule 59(e) is that the Court misapplied the rule from *Delaware State College v. Ricks*, 449 U.S. 250 (1980) to determine that the four-year statute of limitations for discriminatory termination began to run when Plaintiff received notice of his termination in November and December of 2013. (*See* ECF No. 31 at 1; ECF No. 29 at 8-9.) Specifically, the Court found the limitations period began to run no later than late December 2013 because "[t]here are no discrete discriminatory acts that occurred later than that date." (ECF No. 29 at 8.)

Plaintiff urges this Court to reconsider this decision and find that Defendant's breach of the parties' severance agreement, which Plaintiff asserts was not discovered until January 10, 2014, was the discriminatory event triggering the limitations period. (ECF No. 31 at 1-5.) However, this Court squarely addressed and rejected this argument in its March 25, 2019 Opinion, explaining, "[a]lthough Whitaker may not have fully understood the repercussions

of Ciena's acts until after January 10, 2014, under *Ricks* and *Chardon*, the limitations period commences at the time the adverse employment decision is made and communicated, i.e., December 2013, not when 'the consequences of the act become painful.'" (ECF No. 29 at 8-9 (citing *Ricks*, 449 U.S. at 258-59; *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (per curiam).)

Because Rule 59(e) does not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," *Pacific Ins. Co.*, 148 F.3d at 403, this Court concludes that Plaintiff has failed to meet his burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## **CONCLUSION**

For the foregoing reasons, it is this 6th day of February, 2020, HEREBY ORDERED that:

1. Plaintiff's Rule 59 Motion to Alter or Amend Judgment (ECF No. 31) is DENIED;
2. Plaintiff's Rule 60 Motion for Relief from Judgment (ECF No. 32) is DENIED; and
3. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

_____
Richard D. Bennett
United States District Judge